UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY JAMES COHEA,<br><br>          Plaintiff,<br><br>     vs.<br><br>J. FALDON, et al.,<br><br>          Defendants. | 1:16-cv-00955-DAD-EPG-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATIONS TO PROCEED IN FORMA PAUPERIS BE DENIED UNDER 28 U.S.C. § 1915(g), AND PLAINTIFF BE REQUIRED TO PAY FILING FEE IN FULL<br>(ECF Nos. 1, 6, 7.)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

**I.     BACKGROUND**

Danny James Cohea, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 5, 2016.  (ECF No. 1.)  On July 25, 2016 and August 3, 2016, Plaintiff filed applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF Nos. 6, 7.)

**II.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)**

28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

### III. ANALYSIS

A review of the actions filed by Plaintiff reveals that Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the Complaint was filed, under imminent danger of serious physical injury. The Court has found evidence on the court record of three 1915(g) "strikes" against Plaintiff, which were all entered before this action was brought by Plaintiff on July 5, 2016.[1] The Court takes judicial notice of these cases: (1) 2:97-cv-0366-FCD-DAD Cohea v. Bray (E.D.Cal.) (dismissed on March 3, 1998, for failure to state a claim); (2) 3:09-cv-0679-RCJ-RAM Cohea v. Access Secure Pak (D.Nev.) (dismissed on August 3, 2010, for failure to state a claim); and (3) 3:10-cv-0437-IEG-RBB Cohea v. Patzloff (S.D.Cal.) (dismissed on March 2, 2011, for failure to state a claim and for failure to comply with the Court's orders).

The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical. To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "Vague and utterly conclusory assertions" of harm are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998). That is, the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

---

[1] The Court has examined the orders dismissing the three cases and finds that they constitute "strikes" within the meaning of § 1915(g).

The Court has reviewed Plaintiff's Complaint for this action and finds that Plaintiff does not meet the imminent danger exception. See Andrews, 493 F.3d at 1053. In the Complaint, Plaintiff describes incidents occurring between 2008 and 2013, alleging that he was wrongfully housed in the SHU, unfairly accused of refusing to cell with other inmates, subject to hearings without due process, and had his property confiscated, causing pending cases to be dismissed. Plaintiff brings claims for denial of access to courts, retaliation, violation of due process, discrimination, denial of access to property, denial of access to law library, false accusations of Rules Violations, interference with his prison grievances, and an unfair double-cell policy. In a section of the Complaint entitled "Cohea's Pleading Under Imminent Danger of Serious Physical Injury," Plaintiff claims that he is at risk of violence against him because he is labeled as a sex offender with suffixes "R" (for rapist) and "IEX" (for exhibitionist/indecent exposure) as part of his prison classification, and these suffixes are looked down upon by some prisoners. (ECF No. 1 at 2-3 ¶3.) Plaintiff claims that this type of classification has resulted in at least one murder and multiple physical assaults on African-American inmates such as himself, especially when inmates are forced to double-cell. However, the Complaint is devoid of any factual allegations showing that Plaintiff was under any specific danger of harm at the time he filed the Complaint. Plaintiff fails to describe any specific incident, threat, or knowledge upon which he bases his assertion that he was under imminent danger of serious bodily harm. These facts do not support the existence of an imminent danger of serious physical injury when Plaintiff commenced this action. Moreover, Plaintiff has not shown the requisite nexus between any of his claims in the complaint and his allegation of imminent danger.[2] Stine v. Federal Bureau of Prisons, 2015 WL 5255377 at *5 (E.D. Cal. Sept. 9, 2015) (A "three strikes" prisoner seeking to litigate IFP must allege facts that plausibly show he is in imminent danger, and the allegations in the complaint must reveal a nexus between at least one cause of action and the imminent danger).

///

---

[2] Plaintiff brings claims in the Complaint for retaliation, due process violations, denial of access to courts, confiscation of personal property, and racial discrimination. (ECF No. 1.)

## IV. CONCLUSION AND RECOMMENDATIONS

The Court finds that under 28 U.S.C. § 1915(g), Plaintiff may not proceed *in forma pauperis* in this action, and must submit the appropriate filing fee in order to proceed with this action. Accordingly, Plaintiff's applications to proceed *in forma pauperis* should be denied, and Plaintiff be required to pay the $400.00 filing fee in full to proceed with this action.

Accordingly, based on the foregoing, the Court HEREBY RECOMMENDS that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's applications to proceed *in forma pauperis* in this action be DENIED; and
2. Plaintiff be required to pay the $400.00 filing fee in full to proceed with this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 15, 2016**        /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE